**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4392**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIAS PHILLIP FRANCIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00303-RJC-DCK-1)

Submitted:  December 18, 2025                    Decided:  January 15, 2026

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Steven T. Meier, STEVEN T. MEIER, PLLC, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Elias Phillip Francis pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the district court determined that he had three prior convictions for violent felonies committed on occasions different from one another, thus qualifying him for a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). The court sentenced Francis to 180 months' imprisonment—the mandatory minimum prison term under the ACCA. Francis appeals his sentence, arguing that it was improper for the district court to decide whether his three ACCA predicates were committed on different occasions. We held this case in abeyance for *Erlinger v. United States*, 602 U.S. 821 (2024), and *United States v. Brown*, 136 F.4th 87 (4th Cir.), *cert. denied*, No. 25-5743, 2025 WL 3131959 (U.S. Nov. 10, 2025). Considering *Erlinger* and our decision in *Brown*, we conclude that the district court erred, but that the error is harmless. We therefore affirm.

The ACCA enhancement applies if a defendant convicted of a § 922(g) offense "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Erlinger*, the Supreme Court held that the facts relating to the different occasions question "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." 602 U.S. at 834. Thus, a district court errs by deciding the different occasions issue at sentencing. *Id.* at 838-39. But so-called "*Erlinger* errors" are subject to harmless error review. *Brown*, 136 F.4th at 92-96. Where, as here, the defendant was convicted after pleading guilty, the Government establishes that an *Erlinger* error is harmless by showing

beyond a reasonable doubt that if the defendant "had been correctly advised at his plea hearing that he was entitled to have a jury resolve [the different occasions issue] unanimously and beyond a reasonable doubt, he would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions." *Id.* at 97 (citation modified). In concluding that the *Erlinger* error in *Brown* was harmless, this court noted that "Brown chose to plead guilty to the firearm-possession offense *after* having been twice informed that [the] ACCA's mandatory minimum of 15 years and its maximum of life would apply if the judge found its requirements satisfied." *Id.* at 98. And although Brown raised the different occasions issue at sentencing, he did not seek to withdraw his guilty plea. *Id.* Moreover, Brown did not contest the accuracy of his presentence report (PSR), even though the facts alleged therein provided the basis for the district court's different occasions finding. *Id.*

Francis' case, we conclude, is on all fours with *Brown*. First, at the guilty plea hearing, Francis was informed of the possible ACCA enhancement, and he confirmed to the magistrate judge that he understood the maximum and minimum prison terms he faced if the district court were to determine that the ACCA applied. Second, although Francis raised the different occasions issue at sentencing, he did not move to withdraw his guilty plea. And third, Francis did not dispute the accuracy of the criminal history information in his PSR that provided the basis for the district court's different occasions finding.

Finally, in *Brown*, this court recognized an inverse relationship between the strength of the evidence supporting the ACCA enhancement and the likelihood that a defendant would forgo the benefits of pleading guilty for the opportunity to have a jury decide the

3

different occasions issue. 136 F.4th at 99. There, the evidence supporting Brown's ACCA enhancement was exceptionally strong. *Id.* at 98. Thus, "given that the possibility of a favorable verdict on the different occasions issue would have been so exceedingly remote as to be practically irrelevant, we [could not] fathom that Brown would have traded the benefit of pleading guilty for such long odds." *Id.* at 99.

So too, here. "[T]he word 'occasion' in [the] ACCA should be given its 'ordinary meaning'—that is, 'essentially an episode or event.'" *Id.* (quoting *Wooden v. United States*, 595 U.S. 360, 366 (2022)). In this case, the PSR established that each of Francis' ACCA predicates was perpetrated against a different victim and several months apart from each other. Specifically, the PSR established that Francis' predicate offenses occurred in October 2016, February 2017, and September 2017. In our view, this evidence leaves "no doubt that [Francis] would have pleaded guilty if the indictment had alleged that he committed his prior [offenses] on three different occasions and if he had been informed that he was entitled to have a jury find that fact beyond a reasonable doubt." *Id.*

We therefore conclude that the *Erlinger* error in this case is harmless. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4